IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT D. HINSON | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-306 |
| ZENA STEPHENS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Robert D. Hinson, proceeding *pro se*, filed the above-styled Petition for Writ of Habeas Corpus. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Attached to the Petition (doc. #1) are two indictments returned against Petitioner in Jefferson County, Texas (doc. #1, pp. 11-12 and pp.14-15). Petitioner is charged with burglary of a habitation and possessing a firearm after having been convicted of a felony. Petitioner contends the charges should be dismissed because they are barred by the applicable statute of limitations.

Discussion

Petitioner is a pretrial detainee at the Jefferson County Correctional Facility. (Doc. #1, p.1.) A pretrial petition for writ of habeas corpus challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Section 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A state pretrial detainee is entitled to raise constitutional claims in a petition filed under Section 2241 if two requirements are satisfied.  First, the petitioner must be in custody.  *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224.  As Petitioner is confined in the Jefferson County Correctional Facility on pending criminal charges, he is "in custody" for purposes of Section 2241.

Second, the petitioner must have exhausted his available state remedies.  *See Dickerson*, 816 F.2d at 224.  State remedies are ordinarily not considered exhausted if the petitioner may effectively present his claim to the state courts by any currently available and adequate procedure.  *Braden v. 30th Jud. Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973).

A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court prior to requesting federal collateral relief.  *Picard v. Conner*, 404 U.S. 270, 275 (1971).  The exhaustion requirement reflects federal-state comity concerns.  *Id*.  The district court may raise the exhaustion requirement *sua sponte*.  *McGee v. Estelle*, 722 F.2d 1206, 1208 (5th Cir. 1984) (*en banc*).  The exhaustion requirement demands that an applicant "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and do so "in a procedurally correct manner."  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In the case of a pre-trial detainee such as Petitioner, the state trial courts have jurisdiction over habeas corpus applications filed pursuant to Article 11.08 of the Texas Code of Criminal Procedure.  Article 11.08 allows a pre-trial detainee to challenge his confinement via a writ of habeas corpus.  The writ is to be addressed to the trial court.  If a trial court denies habeas relief, the applicant's appropriate remedy would be to take an appeal from this denial to the Court of Appeals.  *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981).  If the applicant is not satisfied with the decision of the Court of Appeals, he may petition for discretionary review with the Texas

Court of Criminal Appeals. *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986). Thus, Petitioner has an avenue of exhaustion in the state courts.

Petitioner has not alleged that he has presented his claims to the Texas Court of Criminal Appeals. As Petitioner has failed to exhaust his claims to the highest state court, his petition should be dismissed without prejudice. Petitioner will be free to file a new petition after exhausting his claims before the Court of Criminal Appeals.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed without prejudice for failure to exhaust state habeas remedies.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this the 20th day of September, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE